**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:22-CR-00112-JCB-** |
| v. § | **JDL** |
| § | |
| § | |
| § | |
| **CHRISTOPHER LEE EVANS** § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On August 4, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Christopher Lee Evans. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by federal public defender Jon Hyatt.

Defendant originally pled guilty to the offense of Felon in Possession of Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of II, was 33 to 41 months. On May 16, 2024, U.S. District Judge J. Campbell Barker of the Eastern District of Texas sentenced Defendant to a total of 40 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and mental health treatment. On February 21, 2025, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to live at a place approved by his probation officer. If Defendant planned to change where he lived or anything about his living arrangements (such as the people he lived with), he needed to notify the probation officer at least

ten days before the change. If Defendant could not notify the probation officer in advance due to unanticipated circumstances, Defendant needed to notify the probation officer within 72 hours of becoming aware of a change or expected change. In its petition, the government alleges that Defendant violated his conditions of supervised release when the probation officer received information indicating that Defendant was no longer living at his residence and that his whereabouts were unknown.

If the court finds by a preponderance of the evidence that Defendant violated his conditions of supervision by failing to notify his probation officer of his change in residence, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 7 months imprisonment with no supervised release to follow.

Therefore, the court **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to a period of 7 months imprisonment with no supervised release to follow. The court **FURTHER RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 5th day of August, 2025.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE